# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

JANE DOE,

               Plaintiff,

vs.

ARSENIY BAKHSEHTSYAN,

               Defendant.

_____/

Civil Action
No.  2:17-cv-12301
Hon. Victoria Roberts

## DEFENDANT'S MOTION TO DISMISS

Defendant requests this Court dismiss the Plaintiff's Complaint pursuant to

Fed. R. Civ. P. 12(b) (6) based on the following:

1.    This action is brought between two University of Michigan MBA

students.

2.    The Plaintiff is a former friend and occasional romantic partner of the

Defendant.

3.     She alleges that during the time they were both students in the University of Michigan MBA program the Defendant stalked her.

4.     This led her to report the Defendant to the University of Michigan and to Washtenaw County (Michigan) law enforcement.

5.     Following these allegations, the Plaintiff sought a personal protection order against the Defendant and convinced public authorities to criminally charge the Defendant (which is still pending).   Further, the Plaintiff convinced the University of Michigan to bring administrative charges against him.   Those charges were upheld at the University level but are currently on review in the Michigan Court of Claims.

6.     The Defendant sued the Plaintiff in the Washtenaw County Circuit Court.  The Defendant also challenged the University of Michigan's ruling in the Michigan Court of Claims.

7.     The Plaintiff counter-claimed in the Washtenaw  County Circuit Court general civil suit.  She also brought an action for a personal protection order.

8.     In the Court of Claims matter, the Washtenaw County civil matter, and in the PPO matter, the Defendant attempted to use Michigan's civil discovery mechanisms to further his case.

9.     Plaintiff has brought this action stating that by virtue of the Defendant's actions, he has deprived her of her constitutional rights under the First

and Fourteenth Amendments to the United States Constitution. She believes that the Defendant's conducting of discovery is penalizing her right of free speech privacy by forcing some level of contact between the Plaintiff and the Defendant. She complains that being forced to litigate with the Defendant in state court is a violation of her constitutional rights.  She asks this Court to enjoin the state courts, take pendent jurisdiction over the state actions, and to grant her monetary damages.

10.   This motion does not address the merits of her claim because the Defendant believes this Court lacks jurisdiction to hear this dispute.

11.   As the attached brief demonstrates there are two fatal jurisdictional flaws in the Plaintiff's complaint which deprive this Court of jurisdiction to even hear this dispute. First, the Defendant does not operate under the color of state law which precludes an action under 42 U.S.C. Sec. 1983.

12.   *Defendant does not operate under the color of state law*.   The Defendant is a University of Michigan college student, not a public employee.  His alleged constitutional violations took place while conducting discovery in state court as a litigant.  A litigant cannot be sued in federal court for seeking an order from a state court *even if the order he seeks is unconstitutional.*

13.   *Rooker-Feldman.*  In addition to the jurisdictional requirements of 42 U.S.C. Sec. 1983 not being met, the second problem with the Plaintiff's complaint is that she is seeking *de facto* review of a state court ruling or rulings from a

federal district court.  Under the *Rooker/Feldman* doctrine (outlined in the attached brief), this Court must abstain.  Congress has not vested this Court with appellate review over the Washtenaw County Circuit Court or the Michigan Court of Claims.

FOR THESE REASONS, the Plaintiff's complaint should be dismissed with prejudice (at least as applied to federal court).  Should the Court DENY the request or determine that some portion of the Complaint remains in force, Defendant requests twenty-eight days from the date of the Court's order to file an answer.

Respectfully submitted,

/s/David J. Kramer

DAVID J. KRAMER (P46342)
Attorney for Defendant
42400 Grand River Ave Ste 109
Novi, MI 48375-257
(248) 348-7400

DATED:  August 25, 2017

## CERTIFICATE OF SERVICE

I declare that the attached Motion was this day served on opposing counsel.

through the Court's ECF filing system.

Respectfully submitted,

/s/David J. Kramer

DAVID J. KRAMER (P46342)
Attorney for Defendant
42400 Grand River Ave Ste 109
Novi, MI 48375-257
(248) 348-7400

DATED: August 22, 2017

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

JANE DOE,

                    Plaintiff,

vs.

                                     Civil Action
                                     No.  2:17-cv-12301
                                   Hon. Victoria Roberts

ARSENIY BAKHSEHTSYAN,

                    Defendant.

_____/

# DEFENDANT'S BRIEF SUPPORTING
# <u>MOTION TO DISMISS</u>

# TABLE OF CONTENTS

TABLE OF CONTENTS............................................................................ i

ISSUES PRESENTED............................................................................. ii

MAJOR CASES RELIED ON................................................................. iii

TABLE OF AUTHORITIES .................................................................. iv

STANDARD OF REVIEW .....................................................................4

    I.    AN ALLEGED STALKING VICTIM MAY NOT
MAINTAIN A SEC. 1983 ACTION AGAINST A
PRIVATE CITIZEN (ACCUSED OF BEING
HER STALKER) FOR AVAILING HIMSELF IN
STATE COURT OF STATE AUTHORIZED
CIVIL DISCOVERY

        a.  *The Defendant Does Not Operate Under
the Color of State Law* ..........................................................6

        b.  *Rooker-Feldman.* ...............................................................12

CONCLUSION ......................................................................................16

## ISSUES PRESENTED

I.    MAY AN ALLEGED STALKING VICTIM MAINTAIN A SEC. 1983 ACTION AGAINST A PRIVATE CITIZEN (ACCUSED OF BEING HER STALKER) FOR AVAILING HIMSELF IN STATE COURT OF STATE AUTHORIZED CIVIL DISCOVERY?

    a.  Does a Private Citizen Become a State Actor Simply By Being a Litigant in a State Court System?

    b.  Does the Rooker/Feldman Doctrine Bar this Action?

# MAJOR CASES RELIED ON

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*,
   526 U.S. 40, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999)

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)

*Carney v. Christiansen*,
   422 F. Supp. 2d 841 (W.D. Mich. 2006)

*D.C. Court of Appeals v. Feldman*,
   460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983)

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
   544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)

*In re Cook*,
   551 F.3d 542 (6th Cir. 2009)

*Lawrence v. Welch*,
   531 F.3d 364 (6th Cir. 2008)

*McCormick v. Braverman*,
   451 F.3d 382 (6th Cir.2006)

*Nicklay v. Eaton Cty. Circuit Court*,
   No. 1:08-CV-211, 2008 WL 2139613 (W.D. Mich. May 20, 2008)

*Polk Cty. v. Dodson*,
   454 U.S. 312, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981)

*Tahfs v. Proctor*, 316 F.3d 584, 589 (6th Cir. 2003)

# TABLE OF AUTHORITIES

Cases

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*,
  526 U.S. 40, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) ....................................7, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ....................................4

*Bassett v. Nat'l Collegiate Athletic Ass'n*,
  528 F.3d 426 (6th Cir. 2008) ................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ....................................4

*Carney v. Christiansen*,
  422 F. Supp. 2d 841 (W.D. Mich. 2006) ............................................................15

*Cudejko v. Goldstein*,
  22 F. App'x 484 (6th Cir. 2001)................................................................8

*D.C. Court of Appeals v. Feldman*,
  460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) ....................................15

*Dennis v. Sparks*,
  449 U.S. 24, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980) ........................................10

*Ellison v. Garbarino*,
  48 F.3d 192 (6th Cir. 1995) ................................................................12

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
  544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005) ....................................13

*Gottfried v. Med. Planning Servs., Inc.*,
 280 F.3d 684 (6th Cir. 2002) ...............................................................................7

*Hood v. Keller*,
 341 F.3d 593 (6th Cir. 2003) ...............................................................................15

*In re Cook*,
 551 F.3d 542 (6th Cir. 2009) ...............................................................................13

*Lawrence v. Welch*,
 531 F.3d 364 (6th Cir. 2008) ...............................................................................14

*Margetis v. Furgeson*,
 No. 4:12-CV-753, 2015 WL 6688063 (E.D. Tex. Sept. 29, 2015) ........................4

*McCormick v. Braverman*,
 451 F.3d 382 (6th Cir.2006) ...............................................................................14

*Nicklay v. Eaton Cty. Circuit Court*,
 No. 1:08-CV-211, 2008 WL 2139613 (W.D. Mich. May 20, 2008) ...................15

*Parratt v. Taylor*,
 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981) ......................................7

*People v. Torres*,
 209 Mich. App. 651, 531 N.W.2d 822 (1995).....................................................16

*Polk Cty. v. Dodson*,
 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) .....................................7, 8

*Rooker v. Fid. Tr. Co.*,
 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923).............................................15

*Saglioccolo v. Eagle Ins. Co.*,
 112 F.3d 226 (6th Cir. 1997) ...............................................................................4

*Screws v. United States*,
 325 U.S. 91, 65 S. Ct. 1031, 89 L. Ed. 1495 (1945).........................................7, 8

v

*Song v. City of Elyria, Ohio*,
   985 F.2d 840 (6th Cir. 1993) .................................................................5

*Tahfs v. Proctor*,
   316 F.3d 584 (6th Cir. 2003) ............................................................9, 10

*Tulsa Prof'l Collection Servs., Inc. v. Pope*,
   485 U.S. 478, 108 S. Ct. 1340, 99 L. Ed. 2d 565 (1988) ...................7, 9

*United States v. Classic*,
   313 U.S. 299, 61 S. Ct. 1031, 85 L. Ed. 1368 (1941) ........................7, 8

*Warren v. Burdi*,
   No. CIV.A.10-11775, 2011 WL 572424 (E.D. Mich. Jan. 26, 2011) .................16

*Watters v. Pelican Int'l, Inc.*,
   706 F. Supp. 1452 (D. Colo. 1989)........................................................5

*Weiner v. Klais & Co.*,
   108 F.3d 86 (6th Cir. 1997) .................................................................5

*Wolotsky v. Huhn*,
   960 F.2d 1331 (6th Cir. 1992) ............................................................12

*Yeary v. Goodwill Indus.-Knoxville, Inc.*,
   107 F.3d 443 (6th Cir. 1997) ...............................................................5

Statutes

28 U.S.C.A. § 1331 (West) ...................................................................13

42 U.S.C.A. § 1983 (West) ......................................................... 2, 6, 7, 8

Mich. Comp. Laws § 600.2950(12)........................................................11

§ 600.2950...........................................................................................15

Rules

Fed. R. Civ. P. 8(a)...............................................................................10

Mich. Ct. R. 8.119(F) ............................................................................................11

Mich. Ct. R. 7.203(B) ...........................................................................................16

# FACTS

This action is brought by a former University of Michigan MBA student against the Defendant who was a student in the same program. During the course of their studies, they became friends and at times were romantically involved. Plaintiff contends that the relationship devolved into a stalking relationship, (R. Complaint, Par. 8-10). Their fall out has resulted in a series of cases being filed in Michigan state courts (and now this Court) over their activities, *Id.* p. 6,7, (noting criminal case, administrative action, Personal Protection Order).[1] This suit is brought over a lawsuit filed by the Defendant in the Washtenaw County Circuit Court against the Plaintiff after she accused him of stalking, instituted administrative procedures, and has obtained the ex parte PPO against him.

The administrative action by the University of Michigan against the Defendant was adverse and is being appealed to the Michigan Court of Claims. Plaintiff Doe is not a party to that suit. See Exhibit G to Complaint.

Defendant has also challenged the Plaintiff's actions in a civil suit in the Washtenaw County Circuit Court. Defendant conducted discovery during the course of the suit, but the judge has recently stayed that suit pending the resolution of the criminal case.

---

[1] Defendant will be referring to the Personal Protection Order as a "PPO" throughout this document.

1

The Defendant has filed a motion to dissolve the PPO which is currently pending. Plaintiff complains about this because she may be subject to in person cross-examination by Defendant's counsel, *Id.* at 10.

Plaintiff argues that the Defendant's actions in conducting discovery in state court violates her constitutional rights under the 1st and 14th amendment. Plaintiff argues that the Defendant has brought the suits to chill her complaints and cut her off her from the appropriate supports of the University. She argues that such actions violate her right to free speech and invade her privacy, ( *Id. at 9- through 12).* She then makes a law reform argument, talking about how stalkers have essentially opened a "second front" against their victims through the use of the court systems, *Id.* Plaintiff then speaks about her expenditure of resources, energy, and time to deal with the various matters, id at 14.

Plaintiff has brought this action under 42 U.S.C.A. § 1983 (West) alleging a First Amendment violation (Count One), and Fourteenth Amendment violation (Count Two). Her prayers for relief ask for injunctions of state court discovery into her affairs, to enjoin her deposition in the Plaintiff's Court of Claims Action against the University of Michigan, to take pendent jurisdiction over the civil cases presently pending in state court, and to grant monetary damages against the Defendant. On information and belief the Washtenaw County matter has been stayed.

Plaintiff does not argue corruption by state officials, collusion between the Defendant and state actors, or that he was exercising state powers.  She claims that he was a litigant in state court and that the litigation is placing a toll on her and that it is forcing her ability to completely disentangle herself from the Defendant.

This is the Defendant's motion to dismiss.

## STANDARD OF REVIEW

When reviewing a motion to dismiss, the court must determine if the complaint states "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."\ *Margetis v. Furgeson*, No. 4:12-CV-753, 2015 WL 6688063, at *7 (E.D. Tex. Sept. 29, 2015), *aff'd,* 666 F. App'x 328 (5th Cir. 2016). A claim has plausibility when its facts would allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Thus, a complaint must set forth more than a "sheer possibility" that the opposing party's conduct was unlawful. *Id.* However, when an allegation is capable of more than one reasonable inference, it must be viewed in a light that is most favorable to the plaintiff. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226 (6th Cir. 1997).

Matters of public record may also be considered by the reviewing court without converting a motion to dismiss into one for a summary judgment. *Id.* at 336. Specifically, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint

and are central to [the plaintiff's] claim." *Weiner v. Klais & Co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997); *see also Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). On the other hand, when affidavits "'do nothing more than verify the complaint,' and when they 'add[] nothing new, but, in effect, reiterate[] the contents of the complaint itself,' they are not truly 'materials . . . outside the pleading.'" *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (citing *Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993)). Also, supplemental documents that are attached to the motion to dismiss do not convert the motion into one for a summary judgment if the documents do not "rebut, challenge, or contradict anything in the plaintiff's complaint"). *Song*, 985 F.2d at 842 (citing *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 n.1 (D. Colo. 1989)).

## ARGUMENT

### I.   AN ALLEGED STALKING VICTIM MAY NOT MAINTAIN A   §   1983 ACTION AGAINST A PRIVATE CITIZEN (ACCUSED OF BEING HER STALKER) FOR AVAILING HIMSELF IN STATE COURT OF STATE AUTHORIZED CIVIL DISCOVERY

Plaintiff is an alleged stalking victim who has brought this lawsuit against a former college classmate and friend claiming that the Defendant is violating her civil rights by engaging in discovery against her utilizing Michigan's discovery rules.  Plaintiff claims that these actions make the Defendant a state actor and that this Court should enjoin the state proceedings and assume control of the same under the Court's pendent jurisdiction powers.  Plaintiff principally invokes this Court's jurisdiction under 42 U.S.C.A. § 1983 claiming violations of the First and Fourteenth Amendments to the US Constitution.

a.   *The Defendant Does Not Operate Under the Color of State Law*

Plaintiff's complaint must fail because by her own admission, the Defendant is a private citizen.  She alleges that he has no other connection with state government other than being a litigant in their courts pursuing his discovery rights. A baseline requirement of 42 U.S.C.A. § 1983 is the requirement that the

Defendants operate under the color of state law. *Parratt v. Taylor*, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981) *overruled by Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).

The definition of "under color of" state law articulated in *United States v. Classic*, 313 U.S. 299, 61 S. Ct. 1031, 85 L. Ed. 1368 (1941), requires that the defendants in a § 1983 action have committed the challenged acts "in the course of their performance of duties" and have misused power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law ...." 61 S. Ct. at 1042–1043. *See also Screws v. United States*, 325 U.S. 91, 110, 65 S. Ct. 1031, 1039, 89 L. Ed. 1495 (1945) (plurality opinion); *Polk Cty. v. Dodson*, 454 U.S. 312, 329, 102 S. Ct. 445, 455, 70 L. Ed. 2d 509 (1981) (Burger, J.).  A party's invocation of state dispute mechanisms is not state action.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 54, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) ; *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 486, 108 S. Ct. 1340, 99 L. Ed. 2d 565 (1988).  Additionally, even when a party seeks an unconstitutional order from a state court, they do not become state actors. *Gottfried v. Med. Planning Servs., Inc.*, 280 F.3d 684, 692 (6th Cir. 2002).

In *Polk County*, the United States Supreme Court found that a publicly funded public defender's office did not operate under the color of state law even though they have litigated in state courts and were public employees.  Relying on

*Polk County*, courts have routinely found that private attorneys are not state

attorneys even though they may litigate in public courts.  Judge Rosen summarized

this law when in *Stevens v. Leithauser* the Plaintiff unsuccessfully attempted to sue

his former court appointed attorney under § 1983*:*

> The definition of "under color of" state law relied upon
> by the Court here and articulated in *United States v.
> Classic*, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368
> (1941), requires that the defendants in a § 1983 action
> have committed the challenged acts "in the course of
> their performance of duties" and have misused power
> "possessed by virtue of state law and made possible only
> because the wrongdoer is clothed with the authority of
> state law ...." *Id.*, at 325-326, 61 S.Ct., at 1042-1043. See
> also *Screws v. United States*, 325 U.S. 91, 110, 65 S.Ct.
> 1031, 1039, 89 L.Ed. 1495 (1945) (plurality opinion).

Judge Rosen found the Plaintiff's attempt to argue to the contrary was

frivolous. *See e.g. Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001)

(state court criminal defendant's private attorney was not "state actor," precluding

defendant's § 1983 action against attorney alleging ineffective assistance of

counsel).

More to the point, the Sixth Circuit Has found that a person who obtained a

personal protection order against her was not a state actor. *Tahfs v. Proctor*, 316

F.3d 584, 589 (6th Cir. 2003).[2]  Ms. Tahfs had an affair with the Defendant in that

---

[2] While *Tahfs* is unpublished. Westlaw key citatory states the decision has been
cited over 500 times in federal cases.

case.  After the affair ended, she claimed that the Defendant started stalking her. She was going to originally file for a personal protection order against him, but the Defendant talked her out of the same.  The Defendant and then his wife obtained PPOs "corruptly" against her.  The District Court found that the Plaintiff's complaint did not state a cause of action and she appealed.  The Sixth Circuit affirmed the substantive judgment but found that sanctions were improperly invoked in that case.

The Court first found that the use of the state court system is generally not grounds to find a person a state actor: "Generally, "a private party's mere use of the State's dispute resolution machinery, without the 'overt, significant assistance of state officials,' cannot [be considered state action]." *American Mfrs. Mut. Ins. Co.*, 526 U.S. at 54 (quoting *Tulsa Professional Collection Services, Inc.*, 485 U.S. at 486)."  *Tahfs*, 316 F.3d at 591.

The Court went on to set forth the test for when a private party can be a de facto state actor:

> This circuit recognizes three tests for determining whether private conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test. The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state.... The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or

covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Tahfs*, 316 F.3d at 591.  Continuing the Court noted:

Tahfs's state actor argument is predicated on two broad contentions. The first is based on allegations of corruption in the Wayne County Circuit Court. Tahfs has included in her complaint allegations that the Proctors' petitions for the PPOs were in bad faith and done with the knowledge that they would be unconstitutional. While Tahfs has made the allegations of corruption that were missing from the complaints filed in the *Nottingham Liquors* and *Gottfried* cases, Tahfs's general allegations of corruption fail to satisfy even the minimal notice pleading requirements of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8(a). In *Dennis,* the Supreme Court had before it a state appellate court ruling that clearly established that the state judge in question corruptly conspired with private actors and "illegally issued" an injunction prohibiting a third party from extracting oil.*Dennis v. Sparks*, 449 U.S. 24, 25–26, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980). This case diverges from *Dennis* because there has been no previous finding that the Michigan judge, or any members of his staff, acted illegally in issuing the PPO. Indeed, Tahfs assures us she is *not* claiming that the Michigan state court judge acted inappropriately when he issued the PPOs the Proctors requested. Instead, Tahfs makes unverifiable allegations of "corruption" that center on a series of outcomes that have gone against her, including: (1) the sealing of the files connected with the PPO proceedings; (2) the issuance of *ex parte* PPOs; and (3) the repeated adjournments of the PPO hearings. Tahfs may not simply list a series of state court rulings that have not gone as she would have liked, make the

10

conclusory allegation that they are the result of
corruption, and expect to survive a Rule 12(b)(6) motion.
Michigan permits courts to seal certain files, M.C.R.
8.119(F), and to issue *ex parte* PPOs, Mich. Comp. Laws
§ 600.2950(12). We find it significant that Tahfs does not
argue that the state judge's decisions to suppress the files
or issue the *ex parte* PPOs were wrong as matters of law.
Most significantly, Tahfs never identifies the state court
actors with whom the Proctors allegedly conspired, other
than to designate them as Wayne County Circuit Court
staff members. It is clear that, even with discovery, Tahfs
could not identify these supposedly corrupt individuals
because nowhere in her complaint can she
identify *behavior,* as opposed to *outcomes,* suggesting
corruption. While we are cognizant of the liberal notice
pleading standard that prevails under the Federal Rules of
Civil Procedure, we are convinced that under no set of
circumstances could Tahfs demonstrate, by the
allegations made in her complaint, that staff members of
the Wayne County Circuit Court undertook corrupt
action in partnership with the Proctors.

*Tahfs*, 316 F.3d at 591–92. Here, the Plaintiff does not argue that the state actors

were corrupt.  In fact, she argues that her temporarily prevailing in certain matters

shows that the Defendant's continued litigation is for purposes of frustrating her

rather as opposed to the opposite, e.g. clearing his name and allowing him to

receive his MBA so that he can enter the job market with an untarnished Roth

MBA for which he has labored.

Concluding, the Court stated that:

Applying the three-part state action test laid down by the
court in *Ellison v. Garbarino*, 48 F.3d 192 (6th Cir.

> 1995)*, it is clear that by obtaining a PPO from a state
> court, a private litigant does not make himself or herself a
> state actor. First, Tahfs does not meet the "public
> function test," which "requires that the private entity
> exercise powers which are traditionally exclusively
> reserved to the state." *Ellison*, 48 F.3d at 195. When
> applying this test, the court generally conducts an
> historical analysis to determine whether the private party
> has engaged in actions traditionally reserved to the
> state. *Ellison,* 48 F.3d at 196. Here, Tahfs failed to
> provide any historical argument or analysis. "Considering
> that plaintiff bears the burden on this issue, this failure
> alone renders this test inapplicable." *Id.* Furthermore, it
> cannot be said that by obtaining a PPO the petitioner is
> taking over a state role. "More than mere approval or
> acquiescence in the initiatives of the private party is
> necessary to hold the state responsible for those
> initiatives." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th
> Cir. 1992). In fact, the state, through its courts and police
> powers, retains the authority and responsibility to enforce
> the PPO.

*Tahfs*, 316 F.3d at 593.  For these reasons, the Court dismissed.  Defendant does

not dispute that stalking victims can sometimes feel traumatized through continued

litigation, but that does not transform the Defendant into a state actor and is not

grounds for federal courts to insert themselves into ongoing state litigation.

      b.    *Rooker-Feldman.*

To the extent that the Plaintiff seeks to bar ongoing state litigation this claim

is barred by the *Rooker-Feldman* doctrine. The *Rooker–Feldman* doctrine holds

that district courts lack subject matter jurisdiction over "cases brought by state-

court losers complaining of injuries caused by state-court judgments rendered

before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). The *Exxon Mobil* Court further explained that *Rooker–Feldman* "recognizes that 28 U.S.C.A. § 1331 (West) is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court-judgments, which Congress has reserved to this [the Supreme] Court." *Exxon Mobil Corp.*, 544 U.S. at 292. *Rooker–Feldman* implicates the Court's subject matter jurisdiction. *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).

The Supreme Court in *Exxon Mobil* distinguished between parallel state court proceedings where the federal and state suit were filed nearly contemporaneously with each other (explaining that subject matter jurisdiction does not magically disappear if the state court should reach a decision before the federal parallel proceeding) and cases where a party is seeking a *de facto* appeal of a state court proceeding. Here, it is clearly the latter situation. "[T]he pertinent inquiry ... is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (quoting *McCormick v. Braverman*, 451 F.3d 382, 394–95 (6th Cir.2006)). Here, the Plaintiff's pleading and attached docket sheets make it clear that she is not litigating parallel proceedings in state and federal court. She is not

13

happy that Michigan's civil discovery procedures allow the Defendant to test her

allegations.  Her action is precisely the type of collateral attack on state court

rulings which *Rooker-Feldman* is designed to protect against.

 The Sixth Circuit has offered the following analysis on the application of

the *Rooker-Feldman*:

> The inquiry then is the source of the injury the plaintiff
> alleges in the federal complaint.
>
> If the source of the injury is the state court decision, then
> the *Rooker-Feldman* doctrine would prevent the district
> court from asserting jurisdiction. If there is some other
> source of injury, such as a third party's actions, then the
> plaintiff asserts an independent claim.

*McCormick*, 451 F.3d at 393. Here the Plaitntiff's complaint identifies the injury as

the stress and time related to defending against a suit brought by someone she does

not want to deal with.  Without mitigating the trauma of a stress victim, it can be

safely said that 99.9% of the civil litigants in state courts would prefer not to deal

with their opponent or the litigation.  Litigation is not pleasant and this is a fact of

life.

 It should be noted that the Plaintiff in this case is the Plaintiff in the PPO suit

in state court and is a counter-Plaintiff in the civil suit in the Washtenaw County

Circuit Court.  The point being she has selectively invoked the protection of the

state court system which she takes issue with for allowing both of them to avail

themselves of state court discovery procedures.

The Western District of Michigan has held that *Rooker-Feldman* precludes a federal court from hearing a lawsuit challenging a personal protection order. *Nicklay v. Eaton Cty. Circuit Court*, No. 1:08-CV-211, 2008 WL 2139613, at *2–3 (W.D. Mich. May 20, 2008). Similarly, (the late) Judge Zatkoff has ruled that *Rooker-Feldman* precluded such a challenge:

> Plaintiff alleges that the PPO and § 600.2950 violate his rights arising under the First, Second, and Fourteenth Amendments to the United States Constitution, along with the Full Faith and Credit Clause. To the extent that Plaintiff challenges violations of his constitutional rights stemming from the issuance of the PPO, the Court lacks jurisdiction to review state-court judgments, and Plaintiff must instead utilize the state-court appellate procedures. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *see also Nicklay*, 2008 WL 2139613, at *2–3.
>
> The *Rooker–Feldman* doctrine also bars the Court from reviewing Plaintiff's constitutional challenges to Mich. Comp. Laws Ann. § 600.2950 to the extent Plaintiff challenges the application of the statute. *See Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003); *Carney v. Christiansen*, 422 F. Supp. 2d 841, 848 (W.D. Mich. 2006), *aff'd*, 375 F. App'x 494 (6th Cir. 2010).

*Livingston v. Francis*, No. 09-10357, 2009 WL 818133, at *2 (E.D. Mich. Mar. 26, 2009).

*Rooker-Feldman* does not require the state judgment to be absolutely concluded. *Warren v. Burdi*, No. CIV.A.10-11775, 2011 WL 572424, at *13 (E.D.

15

Mich. Jan. 26, 2011), *report and recommendation adopted,* No. 10-11775, 2011 WL 572418 (E.D. Mich. Feb. 15, 2011).[3] Here, the Washtenaw County Circuit Court has stayed the civil lawsuit and the ex parte injunction remains in place and in force while the parties argue about whether it should be set aside.

Plaintiff's complaint focuses on the fact that the Defendant's attempt to conduct discovery in state court proceedings is opening a "wound" which she wants to heal.   Her relief makes it clear that she is asking this Court to commandeer the state court proceedings.  This is precisely the procedure that *Rooker-Feldman* wishes to stop.

## CONCLUSION

Defendant requests this Court dismiss the Plaintiff's Complaint.  Should the Court DENY the request or determine that some portion of the Complaint remains

---

[3] This is particularly true in Michigan which has a liberal practice of allowing appeals by leave of interlocutory orders.  See *People v. Torres*, 209 Mich. App. 651, 658, 531 N.W.2d 822, 825 (1995), *aff'd in part, rev'd in part,* 452 Mich. 43, 549 N.W.2d 540 (1996) (noting that the prosecutor can always appeal by leave from an interlocutory order);  Mich. Ct. R. 7.203(B) (outlining court's discretionary authority to hear most interlocutory orders by way of leave of the court).

in force, Defendant requests twenty-eight days from the date of the Court's order
to file an answer.

Respectfully submitted,

/s/David J. Kramer

DAVID J. KRAMER (P46342)
Attorney for Defendant
42400 Grand River Ave Ste 109
Novi, MI 48375-257
(248) 348-7400

DATED:  August 22, 2017

17

## **CERTIFICATE OF SERVICE**

I declare that the attached Motion was this day served opposing counsel through the Court's ECF filing system.

Respectfully submitted,

/s/David J. Kramer

DAVID J. KRAMER (P46342)
Attorney for Defendant
42400 Grand River Ave Ste 109
Novi, MI 48375-257
(248) 348-7400

DATED:  August 22, 2017